The STATE of Ohio, Appellee,

v.

MULHOLLEN, Appellant.

[Cite as *State v. Mulhollen* (1997), 119 Ohio App.3d 560.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0133.

Decided May 19, 1997.

*Victor V. Vigluicci*, Portage County Prosecuting Attorney, and *David F. Foster*, Assistant Prosecuting Attorney, for appellee.

*Michael D. Murray*, for appellant.

CHRISTLEY, Judge.

This appeal has been taken from a final judgment of the Portage County Court of Common Pleas. Appellant, Gerald M. Mulhollen, seeks the reversal of his conviction on one count of felonious assault.

In December 1993, the Portage County Grand Jury returned a two-count indictment against appellant, charging him with felonious assault and child endangerment. These two counts were based upon an incident in which appellant's infant daughter suffered a serious injury to her head.

Initially, appellant entered a plea of not guilty as to both counts. However, after his trial counsel had conducted discovery, appellant entered into a plea bargain with the state. As part of the bargain, the state agreed to dismiss the child endangerment count. In return, appellant agreed to change his plea to guilty as to the felonious assault count.

After holding an oral hearing on the matter, the trial court accepted the guilty plea. In August 1994, the court sentenced appellant to an indefinite term of three to fifteen years in a state penitentiary.

Upon serving approximately six months of his sentence, appellant moved the trial court for shock probation, pursuant to R.C. 2947.061. After holding two separate hearings on appellant's motion, the trial court denied it in a judgment rendered in March 1995.

In November 1995, appellant moved this court for leave to file a delayed appeal from the sentencing judgment of August 1994. In March 1996, this court granted the motion and appointed new counsel to represent appellant in the instant appeal. In now seeking the reversal of his conviction, appellant has assigned the following as error:

"Defendant-appellant was denied due process of law in violation of Ohio Criminal Rule Eleven, the Fourteenth Amendment to the United States Constitution and Article I, Section X of the Ohio Constitution where the prosecution failed to comply with Ohio Criminal Rule 11(F) and the court failed to comply with Ohio Criminal Rule 11(C).

"Defendant-appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution, and Article I, Section X of the Ohio Constitution."

Under his first assignment, appellant maintains that his guilty plea should not have been accepted because the plea was not made knowingly and voluntarily. In support of this basic assertion, appellant has raised three separate arguments for consideration. First, he maintains that the trial court did not properly ascertain whether he was making the plea voluntarily.

Crim.R. 11(C)(2) governs the acceptance of a guilty plea in a felony case. This rule provides that a trial court cannot accept such a plea unless the court addresses the defendant personally and determines whether (1) the defendant is entering the guilty plea voluntarily, with a full understanding of the charged offenses and the maximum penalty he could face; (2) the defendant understands the effect of entering the plea; and (3) the defendant understands the rights he is waiving by entering the plea. In applying the foregoing requirements, this court has noted:

"It has been held that strict compliance is required of the trial court with respect to the constitutional rights delineated in Crim.R. 11(C)(2). *State v. Nero* (1990), 56 Ohio St.3d 106, 107 [564 N.E.2d 474, 475–476]; *State v. Colbert* (1991), 71 Ohio App.3d 734, 737 [595 N.E.2d 401, 403]. However, with respect to the remaining requirements of Crim.R. 11(C)(2), substantial compliance is sufficient to establish a valid plea. *State v. Stewart* (1977), 51 Ohio St.2d 86 [5 O.O.3d 52, 364 N.E.2d 1163]. Substantial compliance has been defined as meaning that, under the totality of the circumstances, the defendant subjectively understood the implications of the plea and the rights which were waived. The record must affirmatively establish substantial compliance with the rule. *State v. Billups* (1979), 57 Ohio St.2d 31 [11 O.O.3d 150, 385 N.E.2d 1308]; *State v. Elliott* (1993), 86 Ohio App.3d 792, 796 [621 N.E.2d 1272, 1274–1275]." *State v. Taylor* (Mar. 29, 1996), Geauga App. No. 94–G–1894, unreported, at 2, 1996 WL 200616.

In determining whether the requirements of Crim.R. 11(C)(2) were satisfied in a given case, an appellate court must focus primarily upon the colloquy between the trial court and the defendant. However, in reviewing the totality of the circumstances, we can also consider statements made by defense counsel during the plea hearing. *State v. McGowan* (Oct. 3, 1996), Cuyahoga App. No. 68971, unreported, at 10–11, 1996 WL 563618, quoting *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115.

In relation to the voluntariness of the guilty plea in the instant case, our review of the plea hearing shows that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a). Although the court did not ask the specific question of whether appellant was entering the plea voluntarily, the trial court did ask questions which were relevant to the issue. For example, the court asked the following: (1) had appellant had ample opportunity to discuss this matter with his trial counsel, (2) had any promises or threats been made to appellant concerning the plea, and (3) was appellant presently under the influence of alcohol or drugs? Appellant answered affirmatively to the first question and negatively to the second and third questions.

In addition, consistent with Crim.R. 11(C)(2)(a), the trial court did not accept the plea until it had informed appellant of the nature of the charged offenses and the maximum penalty he could receive. Finally, at the beginning of the plea hearing, appellant's trial counsel informed the court that he had fully reviewed the matter with appellant and that, in his opinion, appellant was entering the guilty plea voluntarily.

Given the totality of the foregoing circumstances, we hold that the trial court did not err in concluding that appellant was acting voluntarily in entering the guilty plea.

Under his second argument, appellant asserts that his plea was not made knowingly because the trial court did not inform him of his constitutional right not to be compelled to testify against himself. However, the record before this court shows that appellant's assertion is incorrect.[1] Prior to accepting the guilty plea, the trial court specifically told appellant that, by entering the guilty plea, he would be waiving his right against self-incrimination.

Under his final argument in the first assignment, appellant contends that his plea was invalid because the state failed to disclose to the trial court all of the provisions of the plea bargain. Specifically, he submits that, during the plea hearing, the prosecutor did not state on the record what recommendation the state would make if a motion for shock probation were subsequently filed by him.

---

1. In fact, during oral arguments in this appeal, appellant's counsel specifically withdrew this aspect of the first assignment.

At the beginning of this proceeding, the prosecutor merely informed the trial court that the state had agreed to dismiss the child endangerment count if appellant would agree to plead guilty to the felonious assault charge. No other reference to the plea bargain was made during the plea proceeding. However, during the first hearing on appellant's motion for shock probation, the same prosecutor made the following statement:

"[A]s part of the plea agreement, the State agreed not to oppose an initial shock hearing; however reserve [*sic* ] the right to oppose the actual granting of shock when that hearing comes up."

In arguing that the prosecutor was required to inform the trial court of both aspects of the plea bargain during the plea hearing, appellant cites Crim.R. 11(F). This rule provides:

"When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

In interpreting Crim.R. 11(F), the courts of this state have generally held that the rule does not apply to any promises made by the state concerning sentencing matters. For example, in *State v. Mathews* (1982), 8 Ohio App.3d 145, 8 OBR 202, 456 N.E.2d 539, the primary issue raised by the defendant on appeal involved whether her no contest plea had been improperly induced by promises as to the possibility of probation. As part of its general discussion of the issue, the Tenth Appellate District stated:

"Crim.R. 11(F) does not provide for negotiation with respect to the punishment to be imposed but, instead, refers only to negotiated pleas 'of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses.' In other words, [Crim.R. 11(F) ] does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *Id.* at 146, 8 OBR at 204, 456 N.E.2d at 541.

In *State v. Kiefer* (Sept. 30, 1992), Portage App. No. 91–P–2402, unreported, 1992 WL 267389, the state had agreed as part of the plea bargain that a psychological examination would be performed before he was sentenced. On appeal, the defendant argued that the bargain had been violated because such an examination was never performed. Citing both Crim.R. 11(F) and *Mathews,* this court concluded that any agreement concerning the examination was not enforceable against the state, *i.e.,* Crim.R. 11(F) applies only to the agreements concerning the entry of a plea to one or more of the charged offenses or to one or more other or lesser included offenses.

■ Although neither *Mathews* nor *Kiefer* addresses the specific issue raised in the instant case, the cases do stand for the basic proposition that Crim.R. 11(F) applies only to promises concerning what charges will be dismissed and what charges the guilty plea will cover. From this, it follows that the state is not required, under the rule, to indicate on the record any other promises it may have made during the plea bargaining process, including those promises relating to sentencing. Stated differently, unless the promise pertains to the specific issue of which offenses are covered by the plea, a prosecutor is not required to state the promise on the record.[2]

As was noted above, the prosecutor stated on the record that appellant had agreed to enter a plea of guilty to the felonious assault count if the child endangerment count were dismissed. Pursuant to the foregoing analysis, this statement of the plea bargain was sufficient to satisfy the requirements of Crim.R. 11(F). .

In addition, this court emphasizes that the record before us does not contain any indication that the prosecutor's statement of the probation promise was incorrect. The record shows that the attorney who represented appellant during the plea hearing also represented him during the first hearing on the motion for shock probation. When the prosecutor made his statement during the latter hearing, this attorney never objected or challenged the veracity of the prosecutor's statement.

Given the lack of any indication that the state failed to abide by any promise as to probation, we further conclude that any error concerning Crim.R. 11(F) was harmless under the specific facts before us. That is, even if we were to hold that the prosecutor had been required under Crim.R. 11(F) to state the probation promise on the record during the plea hearing, we would still conclude that appellant was not prejudiced by any such error because there is no indication that the promise in question was not kept. Accordingly, appellant's third argument under his first assignment lacks merit.

Because the record before this court supports the conclusion that appellant's guilty plea was made in compliance with the various provisions in Crim.R. 11, his entire first assignment is not well taken.

■ Under his second assignment, appellant contends that he was denied his right to effective assistance of trial counsel because counsel never informed him

---

**2.** Despite the foregoing analysis, we emphasize that a plea bargain can be set aside on the basis that the state failed to keep a promise concerning sentencing. However, this issue can be properly raised only in a motion to withdraw a guilty plea. See *State v. Minshall* (Nov. 9, 1993), Meigs App. No. 93CA511, unreported, 1993 WL 472887. In the instant case, appellant never filed such a motion.

that he could be sentenced to a prison term greater than six months. In support of this contention, appellant has attached to his appellate brief his own affidavit.

■ As to this point, we first note that we cannot consider appellant's affidavit because the record before us shows that the affidavit was never presented to the trial court. As a general proposition, an appellate court's decision cannot be based upon materials which were not before the trial court. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500.

Second, the record does not contain any evidence that addresses the assertion made in his affidavit. In fact, the limited record in this case supports the conclusion that appellant's guilty plea was made knowingly. Our review of the plea hearing specifically shows that the trial court informed appellant that he could receive a minimum sentence of three years if he pled guilty to the felonious assault count.

Obviously, the lack of evidence supporting appellant's assertion is due to the fact that the issue of ineffective assistance of counsel has not been raised at the trial level. Under these circumstances, the merits of appellant's argument cannot be properly addressed in this appeal. Accordingly, appellant's second assignment is also lacking in merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.