DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Michael Winland, appeals from the sentence imposed by the Wayne County Court of Common Pleas pursuant to his convictions for involuntary manslaughter, aggravated robbery, aggravated burglary, grand theft, and an accompanying firearm specification. We affirm in part, reverse in part, and remand for sentencing consistent with this opinion.
On October 16, 1998, Defendant was indicted for aggravated murder, in violation of R.C. 2903.01(B); kidnapping, in violation of R.C. 2905.01(A)(2) or (3); aggravated robbery, in violation of R.C. 2911.01(A); aggravated burglary, in violation of R.C.2911.11(A); and grand theft, in violation of R.C. 2913.02. Each count of the indictment also contained a firearm specification pursuant to R.C. 2941.14.5. On January 26, 1999, Defendant withdrew his previous plea of not guilty and entered a plea of guilty to all counts of the indictment except the aggravated murder charge. In lieu of the aggravated murder charge, Defendant pled guilty to involuntary manslaughter, in violation of R.C.2903.04(A), a felony of the first degree, with a firearm specification. Sentencing was delayed until after Defendant testified against the other Defendants in the case.
On April 27, 1999, Defendant was sentenced to prison terms of ten years for the involuntary manslaughter charge, five years for the kidnapping charge, five years for the aggravated robbery charge, five years for the aggravated burglary charge, eighteen months for the theft charge, and three years for the firearm specification. The sentences for theft, kidnapping, aggravated robbery, and aggravated burglary were to run concurrent with each other, but consecutive to the sentence for involuntary manslaughter for a total of fifteen years of imprisonment. The sentence of three years on the firearm specification was to run consecutively with and prior to the sentence imposed for the underlying felonies. Therefore, Defendant was sentenced to serve a total prison term of eighteen years. Defendant timely appealed his sentence and has raised four assignments of error for review.
ASSIGNMENT OF ERROR I
 The Trial Court imposed consecutive sentences without making the statutorily required findings, making [Defendant's] sentence contrary to law.
ASSIGNMENT OF ERROR II
 The record does not support the imposition of consecutive sentences exceeding the maximum prison term allowed for the most serious offense of which [Defendant] was convicted.
In his first two assignments of error, Defendant has challenged the propriety of the sentence imposed upon him. For the purposes of expediency and ease of discussion, these two assignments of error will be addressed together. In these assignments of error, Defendant has argued that his sentence is improper under R.C. 2929.14(E)(3), R.C. 2929.19(B)(2), and R.C.2953.08. We agree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C.2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quotingCross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Pursuant to R.C. 2929.14 which governs the imposition of prison terms for felony convictions:
 (E)(3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offences was so great or unusual that no single prison term for any of the offences committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In construing R.C. 2929.14(B), the Supreme Court has noted that "[t]he verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that [the sentence was imposed] for at least one of the [enumerated] sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Moreover, if a court imposes consecutive sentences under R.C.2929.14(E)(3), the court "shall make a finding that gives its reasons for selecting the sentence imposed[.]" R.C.2929.19(B)(2)(c). Therefore, prior to imposing consecutive sentences under R.C. 2929.14(E), the trial court shall note on the record that it engaged in the appropriate analysis as contemplated in the law and it shall enumerate the reasons underlying the resulting sentence.
In this case, the trial court stated that the sentence was imposed for purposes of consistency and it further cited the concerns of the victim's family's as a motivating factor behind the sentence imposed upon Defendant. The trial court also made it clear that while it noted Defendant's concerns regarding different circumstances that had arisen since the original agreement, due to the prosecution's unwillingness to join the motion to modify sentencing, it was imposing the sentence contemplated in the original plea agreement. The trial court never stated that it engaged in the analysis of whether the consecutive sentences were "disproportionate to the seriousness of the offender's conduct[.]" R.C. 2929.14(E)(3). Furthermore, the trial court did not indicate that it imposed the prison sentences consecutively after analyzing whether the sentences were "necessary to protect the public from future crime or to punish the offender[.]" Id. Therefore, in light of Edmonson we are forced to conclude that the trial court's findings do not comport with the requirements of R.C.2929.14(E)(3) because the trial court did not "note that it engaged in the analysis[.]" Edmonson, 86 Ohio St.3d at 326. Defendant's first two assignments of error are sustained.
ASSIGNMENT OF ERROR III
 The trial court abused its discretion in denying [Defendant's] unopposed pre-sentence motion to modify the sentencing agreement.
In his third assignment of error, Defendant has argued that the trial court abused its discretion when it improperly denied his motion to modify the sentencing agreement when neither the state nor Defendant favored the original agreement. To support his allegations of abuse of discretion, Defendant has argued that the trial court erred by (1) considering the victim's family's opposition to the motion to modify and (2) by clinging to a need for consistency between the sentencing of codefendants in this case.
Defendant made his motion to modify sentencing prior to sentence being entered by the trial court. It appears that he was attempting to modify the sentence agreed upon in his plea agreement. However, the trial court is not required to impose sentence in accordance with the wishes or recommendations of the prosecution. State v. Smith (Dec. 28, 1988), Summit App. No. 13728, unreported, at 3-4. Therefore, the prosecution's unwillingness to agree to a modification of the original agreement is wholly irrelevant to a determination of the appropriateness of the sentence. Furthermore, as the motion was made prior to the imposition of sentencing, the trial court had nothing to modify and thus did not abuse its discretion by denying this premature motion. Defendant's third assignment of error is overruled.
ASSIGNMENT OF ERROR IV
 [Defendant's] constitutional right to effective assistance of trial counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution was violated, and his defense prejudiced, by 1) trial counsel's recommendation of an 18-year sentence, and 2) trial counsel's failure to include in the plea agreement or otherwise inform the court of a promise by the state to join in a motion to modify the proposed sentence in the event a co-defendant refusing to plea was convicted by a jury and received a lesser sentence.
Defendant has argued that he was denied effective assistance of counsel because (1) his attorney wrongfully advised him that the best possible deal he could expect would include an eighteen year sentence; and (2) his attorney did not take any action to memorialize or bring to the court's attention the oral agreement the prosecutor had made whereby the state agreed to join a motion to modify the sentencing agreement if a codefendant received a lesser sentence than Defendant.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. First, the defendant must show that counsel's performance was deficient. Id.
To meet this standard Defendant must be able to prove, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Supreme Court of Ohio set out a substantially similar standard in State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, holding "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, supra at 689, 80 L.Ed.2d at 694. There are numerous ways for counsel to provide effective assistance in any given case. In light of these facts, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49, certiorari denied (1980), 449 U.S. 879, 66 L.Ed.2d 102.
Crim.R. 11(F) provides that the agreement underlying a plea of guilty must be placed on the record in criminal cases. This requirement, however, "does not apply to any promises made by the state concerning sentencing matters." State v. Mulhollen (1997),119 Ohio App.3d 560, 565. Further, had the state recommended modification of the sentence, the trial court would not have been bound by that recommendation. This court has previously concluded:
 The trial court, in a criminal case, is charged with the responsibility of establishing an appropriate sentence for the particular defendant before the court, considering his particular criminal conduct in light of the statutory sentencing limitations. * * * The judge's decision to impose a sentence other than that recommended by the prosecutor is not a function of plea negotiations — it is a judicial function, reserved for the judge.
(Citations omitted.) State v. Smith, supra.
It should be noted that the only evidence of a promise by the prosecution to agree to a modification rests in an unsworn letter by the Defendant to the trial court. This letter was attached by the trial counsel as an exhibit to the motion to modify sentencing, and thus the trial court was aware of the alleged agreement prior to sentencing. It cannot be definitively determined what sentence would have resulted had the trial counsel taken further action to bring the State's promise to the court's attention. Therefore, as Defendant cannot prove that there was a reliable result of which Defendant was deprived due to the actions of the trial counsel, we cannot say that his counsel was ineffective.
Additionally, given the information contained in the record, we are unable to conclude that trial counsel's performance was objectively unreasonable under the circumstances. Defendant's statements during the plea hearing demonstrated that he was aware that extensive incarceration was a possibility and yet he still expressed his willingness to enter a guilty plea. Defendant's fourth assignment of error is overruled.
Defendant's first and second assignments of error are sustained and his third and fourth assignments of error are overruled. The judgment of the trial court is affirmed in part and reversed in part. The case is remanded to the trial court for resentencing in accordance with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
LYNN C. SLABY, FOR THE COURT
WHITMORE, J., BATCHELDER, J., CONCUR.