[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Following a guilty plea, defendant-appellant, Oliver Washington, was convicted of voluntary manslaughter pursuant to R.C. 2903.03(A), with a firearm specification. He now appeals that conviction, presenting seven assignments of error, which we will consider out of order.
In his fifth assignment of error, Washington contends that the trial court erred in accepting his plea when it was not knowingly, voluntarily and intelligently made. Our review of the record shows that the trial court strictly complied with the provisions of Crim.R. 11(C) by orally informing Washington of the constitutional rights he would waive by pleading guilty, and that the court substantially complied with the rule in all other respects. See State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115; State v. McCann (1997), 120 Ohio App.3d 505,698 N.E.2d 470. Further, Washington signed a written guilty plea that clearly informed him of all the rights that he was waiving by pleading guilty, and of the sentence he could receive if convicted. See State v. Billups (1979), 57 Ohio St.2d 31,385 N.E.2d 1308; McCann, supra.
Washington contends that his plea was coerced because the trial court informed him that it would have no discretion in sentencing him, and that he could have received a term of to fifteen years to life if he were convicted of murder as charged in the indictment. However, the record shows that the trial court was simply informing Washington of what the law provides, and that the court's statement was not an attempt to coerce him into pleading guilty. Simply entering a plea to avoid a more severe penalty does not render the plea involuntary. State v. Stone (1975),43 Ohio St.2d 163, 331 N.E.2d 411; Brown v. Perini (CA.6, 1983),718 F.2d 784.
Washington further contends that his statements at the plea hearing indicate that the plea was not knowingly and voluntarily made. He stated that he could not "fight a dragon with a toothpick" and that he was just "going with the flow" rather than face a substantial prison term. When asked if he understood the rights that he was waiving by pleading guilty, he stated that he was aware of his rights. He then added, "but it seems as though, I wouldn't get them anyway." At that point, the trial court assured Washington at length that his rights would be respected. The court specifically stated that it needed to be sure that Washington understood his rights and that he waived them voluntarily because some of his responses had been "kind of conditional." Washington stated unequivocally that he understood and voluntarily waived his rights.
In sum, the record demonstrates that the trial court conducted a meaningful dialogue with Washington to determine whether his guilty plea was made knowingly and voluntarily. SeeState v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. The record affirmatively demonstrates that Washington's plea was knowing and voluntary, and therefore, we cannot hold that the trial court erred in accepting it. See State v. Mulhollen (1997),119 Ohio App.3d 560, 695 N.E.2d 1174. Accordingly, we overrule his fifth assignment of error.
In his first assignment of error, Washington contends that he was denied effective assistance of counsel. By entering a guilty plea, the accused waives the right to claim on appeal that his counsel was ineffective, except to the extent the alleged defects in counsel's performance caused the plea to be less than knowing and voluntary. State v. Barnett (1991), 73 Ohio App.3d 244,596 N.E.2d 1101; State v. Blackwell (May 1, 1998), Hamilton App. No. C-970150, unreported. After reviewing the record, we cannot hold that Washington's counsel's performance fell below an objective standard of reasonableness and caused Washington's plea to be made unknowingly and involuntarily. Further, we cannot hold that there is a reasonable probability that, but for counsel's deficient performance, Washington would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart
(1985), 474 U.S. 52, 106 S.Ct. 366; Barnett, supra; Blackwell,supra. Washington has failed to meet his burden to show ineffective assistance of counsel, and we, therefore, overrule his first assignment of error. See State v. Hamblin (1988), 37 Ohio St.3d 153,524 N.E.2d 476; State v. Hirsch (1998), 129 Ohio App.3d 294,717 N.E.2d 789.
In his second, third and fourth assignments of error, Washington contends that the trial court erred in overruling his motion to suppress evidence the police obtained in violation of his Fourth Amendment rights and his Fifth Amendment privilege against self-incrimination. In his sixth assignment of error, he argues that the trial court erred in allowing the prosecutor to pursue a line of questioning during the hearing on his motion to suppress. However, a guilty plea effectively waives all appealable errors, unless the defendant shows that the errors precluded him from knowingly and voluntarily entering the plea. See State v. Kelly (1991), 57 Ohio St.3d 127, 566 N.E.2d 658;Barnett, supra. Further, a voluntary and intelligent guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Statev. Wilson (1979), 58 Ohio St.2d 52, 388 N.E.2d 745; Huber Hts. v.Duty (1985), 27 Ohio App.3d 244, 500 N.E.2d 339; State v. Durst
(Nov. 27, 1989), Montgomery App. No. 11384, unreported. Washington's plea was knowingly and voluntarily entered, and, by entering the plea, he waived any error by the trial court in overruling his motion to suppress. We decline Washington's invitation to rewrite the law on this issue, and we, therefore, overrule these four assignments of error.
In his seventh assignment of error, Washington argues that the trial court improperly convicted him of the firearm specification due to insufficient evidence. However, a counseled guilty plea is an admission of factual guilt so reliable that it removes the issue of factual guilt from the case. Wilson, supra;Huber Hts., supra. By entering the plea, the accused is not simply stating that he engaged in the acts described in the indictment. He admits guilt of a substantive crime. UnitedStates v. Broce (1989), 488 U.S. 563, 109 S.Ct. 757; Barnett,supra. Washington's guilty plea to the firearm specification was a complete admission of guilt on that specification and he cannot now challenge the sufficiency of the evidence supporting it. Accordingly, we overrule his seventh assignment of error and affirm the judgment of the trial court.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 DOAN and PAINTER, JJ.