DECISION
Defendant-appellant, Robert L. Atkinson, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty pursuant to his guilty plea, and sentencing him accordingly. Defendant assigns a single error:
 THE HEARING AT WHICH APPELLANT'S GUILTY PLEA WAS ENTERED DID NOT CONFORM WITH THE REQUIREMENTS OF CRIMINAL RULE 11.
Because the trial court substantially complied with the requirements of Crim.R. 11, we affirm the judgment of the trial court.
By indictment filed April 26, 1999, defendant was charged with one count each of aggravated robbery in violation of R.C. 2911.01, felonious assault in violation of R.C. 2903.11, and theft in violation of R.C.2913.02 (No. 00AP-892). By indictment filed July 27, 1999, defendant was charged with one count of harassment by an inmate in violation of R.C.2921.38 (No. 00AP-893).
Both cases came before the trial court pursuant to plea negotiations. On February 22, 2000, defendant entered a guilty plea to the stipulated lesser-included offense of attempted harassment by an inmate, a misdemeanor of the first degree (No. 00AP-893). Defendant further entered a guilty plea to the stipulated lesser-included offense of count two of the indictment in No. 00AP-892, attempted felonious assault. The remaining counts of that indictment were dismissed. Following the prosecution's recitation of the charges, the plea agreement, and the facts underlying them, the trial court inquired of defendant pursuant to Crim.R. 11. Acknowledging that it was considering community control rather than imprisonment, but not guaranteeing it, the trial court ordered a pre-sentence investigation.
Defendant failed to appear at the probation department for the pre-sentence investigation, his bond was revoked, and a capias was issued March 9, 2000. Defendant was arrested in May and later sentenced. Defendant timely appeals, asserting the trial court erred in accepting his guilty plea that was not knowingly, voluntarily, and intelligently entered.
Crim.R. 11(C)(2) governs guilty plea proceedings and, as pertinent here, states:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
Defendant contends the trial court failed to comply with those requirements in that "the court did not ascertain whether the defendant understood the nature of the charges he was pleading guilty to or properly ascertain that the plea was knowingly, intelligently and voluntarily entered. Furthermore, [defendant's] statements at the sentencing hearing demonstrate he did not fully understand the circumstances surrounding the entry of the guilty pleas." (Defendant's brief, 9-10.)
Substantial compliance with the provisions of Crim.R. 11(C)(2)(a) and (b) is sufficient to establish a valid plea. State v. Mulhollen (1997),119 Ohio App.3d 560, 563. Cf. State v. Ballard (1981), 66 Ohio St.2d 473
(requiring strict compliance with at least portions of Crim.R. 11(C)(2)(c)). Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he or she is waiving. State v. Nero (1990),56 Ohio St.3d 106, 108. If the defendant receives the proper information, then the court ordinarily can assume the defendant understands the information. State v. Carter (1979), 60 Ohio St.2d 34,38.
Here, the trial court did not personally advise defendant of the charges against him, but rather asked the prosecution to announce the terms of the plea and the facts of each case. In response, the prosecution explained that in the case involving the three-count indictment, defendant desired to withdraw a not guilty plea and to plead guilty to the stipulated lesser-included offense of attempted felonious assault. The prosecution explained the potential prison term and its willingness, if the court accepted the plea, to enter a nolle prosequi to counts one and three of the indictment. The prosecution then stated the facts underlying the offense to which defendant had indicated an intent to enter a guilty plea.
Similarly, the prosecution addressed the one count indictment, indicating defendant's desire to enter a guilty plea to the stipulated-included lesser offense of attempted harassment by an inmate. Again, the prosecution indicated the potential jail term defendant faced. Again, the prosecution also indicated the facts underlying the offense, and added that a separate, third indictment would be dismissed or nollied as part of the plea agreement.
Even if it be preferable under Crim.R.11(C) to have the trial court address defendant with the nature of the charges, defendant here was advised of the nature of the charge by virtue of the recitation of the plea agreement and the facts underlying the offenses to which defendant had indicated an intent to enter a guilty plea. The trial court's procedure substantially complied with the requirements of Crim.R. 11(C) with respect to the nature of the charges, as well as the maximum penalty which could be imposed for each.
Defendant nonetheless suggests he did not enter the plea voluntarily. While the trial court did not specifically inquire if defendant was entering the plea voluntarily, it asked defendant if he was able to read and write and understand the English language, if he was under the influence of any medication or other substance which would make it hard for him to know what he was doing and, after a detailed recitation of his constitutional rights, if he understood that by entering the plea he would be giving up those rights. Not only did defendant answer "yes," but answered affirmatively when the court asked defendant if he was willing to give them up. In an effort to ascertain whether defendant was acting voluntarily, the court then asked defendant:
 Q. Have any threats or promises been made to you to get you to enter this plea of guilty?
A. No, sir. None at all, sir. (Tr. 8.)
Finally, the court inquired of counsel whether he had complied with the requirements set forth in the guilty plea form as they pertain to his obligations relating to defendant, and counsel replied affirmatively.
Given the substantial amount of information presented to defendant concerning the charges against him, the nature of the plea, and the potential sentence, coupled with the follow-up questions the trial court posed to defendant, the trial court substantially complied with the requirements of Crim.R. 11(C) in determining defendant knowingly and intelligently was entering his guilty plea. Moreover, although the trial court did not specifically use the word "voluntarily," the court's question concerning "threats or promises" is more specific and, coupled with the inquiry whether defendant was willingly giving up his rights, is sufficient to ascertain whether defendant voluntarily entered the guilty plea.
Defendant suggests, however, that even if the plea hearing does not solidly reflect a violation of Crim.R. 11, the subsequent sentencing hearing confirms defendant's misunderstanding of the earlier plea proceedings.
At the time defendant entered his guilty pleas, the trial court requested a pre-sentence investigation and explained:
 I have indicated to your attorney that I am willing to consider placing you on post-release control even though I am aware of your prior record.
 Now, that is no guarantee, because you have to understand that you will be expected to answer questions and cooperate with the person who writes this Presentence Investigation Report. And if there is other information that the Court doesn't know about, then that obviously is going to be a factor in this matter. But it is my responsibility to decide what the penalty is going to be.
Do you understand that?
A. Yes, sir.
 Q. Are you still willing to go ahead and enter your plea of guilty?
A. Yes, sir. (Emphasis added.) (Tr. 10-11.)
At the subsequent sentencing hearing, the trial court imposed a term of imprisonment on the attempted felonious assault, and a jail sentence on the attempted harassment. In the interim, however, defendant had failed to appear at the probation office for purposes of the pre-sentence investigation. As a result, a capias was issued for his arrest. Before sentencing defendant, the trial court noted its displeasure with defendant's conduct and, consistent with its comments during the plea hearing, deviated from its original intention to forego incarceration.
After the sentence was announced, defendant's trial counsel indicated defendant would not have entered the plea if he had believed he would do any prison time. Defendant interjected that "[t]he plea was 18 months. I believe the charge was Attempted Assault, and also the F-5 harassment by an inmate. * * * This was what I pleaded to." (Tr. 18.) Defendant explained he understood the maximum time he would receive was eighteen months, and if he had known he was pleading to attempted felonious assault he would not have signed the plea agreement. Contradicting himself, defendant then announced that his counsel told him he would receive probation. From there, the hearing deteriorated rapidly: defendant stated his attorney and he had reported to the probation department, and defense counsel denied it. Defendant then accused his attorney of giving him fifty dollars to "plead out" in the case. He further stated he was "intoxicated at the time [of the plea] because [counsel] had given me something to drink also." (Tr. 26.)
To find defendant's plea here was not voluntarily entered on the basis of his comments at the sentencing hearing would suggest defendant may render a plea in non-compliance with Crim.R. 11(C) by contradictory, unsubstantiated statements posed after imprisonment is a virtual certainty. The trial court advised defendant post-release control was not a guarantee and that defendant's conduct between the time of the plea and sentencing would be of paramount importance. Defendant's conduct invited the prison term which was imposed, and that prison term does not suggest the trial court less than substantially complied with Crim.R. 11(C). Indeed, virtually everything defendant proffered at the sentencing hearing directly contradicted his responses to the trial court at the time his plea was entered. Rather than support his contentions on appeal, his statements at the sentencing hearing indicated dissatisfaction with the sentence, a desire to explain his failure to appear at the probation department and, failing that, an effort to support his accusation that he could not understand the nature of the proceedings at which his plea was entered. None of defendant's statements successfully impeaches the proceedings at which defendant was substantially afforded all the protections under Crim.R. 11(C).
Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
LAZARUS and DESHLER, JJ., concur.