OPINION
{¶ 1} Defendant-appellant, Timothy M. Carter, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of four counts of forgery in violation of R.C. 2913.31, and one count of theft in violation of R.C. 2913.02, and sentencing him accordingly. For the following reasons, we affirm that judgment.
 {¶ 2} By indictment filed July 30, 2001, appellant was charged with ten counts of receiving stolen property in violation of R.C. 2913.51, eight counts of forgery in violation of R.C. 2913.31, one count of possessing criminal tools in violation of R.C. 2923.24, and one count of theft in violation of R.C. 2913.02. Before appellant's trial, he entered into a plea agreement in which he pled guilty to four counts of forgery and one count of theft in exchange for the dismissal of the remaining counts. The trial court accepted appellant's guilty plea and sentenced him, pursuant to a jointly recommended sentence, to consecutive seven-month prison terms for each count for a total of 35 months in prison.
 {¶ 3} Appellant now appeals, assigning the following errors:
 {¶ 4} "1. The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary.
 {¶ 5} "2. The trial court erred in ordering the sentences to be served consecutively in the absence of any evidence in the record of any of the factors enumerated in R.C. § 2929.14(E)."
 {¶ 6} Appellant first contends that his guilty plea was not a knowing, intelligent and voluntary plea, and should not have been accepted by the trial court. Crim.R.11 governs the acceptance of guilty pleas. Crim.R. 11(C)(2) provides:
 {¶ 7} "In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} Substantial compliance with the provisions of Crim.R. 11(C)(2)(a) and (b) is sufficient to establish a valid plea. State v. Mulhollen (1997), 119 Ohio App.3d 560, 563. Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived. State v. Carter (1979), 60 Ohio St.2d 34, 38. Strict compliance with the rule is required, however, regarding appellant's critical constitutional rights referenced in Crim.R.11(C)(2)(c). State v. Colbert (1991),71 Ohio App.3d 734, 737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Appellant need not be advised of those rights in the exact language of Crim.R. 11(C), but he must be informed of them in a reasonably intelligible manner. Ballard, supra, paragraph two of the syllabus; State v. Ingram (Mar. 5, 2002), Franklin App. No. 01AP-854.
 {¶ 12} A determination of whether a plea was knowing, intelligent and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272. Appellant does not point to anything in the record that would indicate his guilty plea was anything less than a knowing, intelligent and voluntary choice. A review of the trial court's discussion with appellant at his plea hearing indicates that the trial court complied with Crim.R. 11 and that appellant understood the nature of the charges and the ramifications of his guilty plea. The trial court asked appellant if he understood the nature of the charges and appellant answered affirmatively. Ingram, supra. Moreover, appellant was represented by counsel at his plea hearing. When a defendant is represented by counsel, there is a presumption that counsel informed the defendant of the nature of the charges. State v. Eakin, Licking App. No. 01-CA-00087, 2002-Ohio-4713, at ¶ 23, quoting Carter, supra, at 38.
 {¶ 13} The trial court also informed appellant of the maximum sentences that he could receive and strictly complied with the requirement that appellant understand all of the constitutional rights he was waving by entering his guilty plea. The trial court clearly informed appellant of the constitutional rights he was waiving by pleading guilty. Appellant stated that he understood the maximum sentences and the constitutional rights he was waiving. When further asked if he understood everything in the plea documents that he signed, appellant indicated that he did. At no point in the record did appellant seem to be confused about the proceedings and, when the trial court asked appellant if he was unsure or confused about anything, appellant expressed no such confusion. Additionally, defense counsel represented to the trial court, after discussing the plea with appellant, that appellant's decision to enter the guilty plea was knowing, intelligent and voluntary. The record clearly indicates that the trial court complied with Crim.R.11 in accepting appellant's guilty plea and that appellant's plea was a knowing, intelligent and voluntary choice. Accordingly, we overrule appellant's first assignment of error.
 {¶ 14} Appellant's second assignment of error contends that the trial court erred in failing to consider the factors set forth in R.C.2929.14(E)(4) when it imposed consecutive sentences. However, the consecutive sentences in this case were jointly recommended by defense counsel and the state. Pursuant to R.C. 2953.08(D), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." When consecutive sentences are jointly recommended, authorized by law and imposed by the sentencing judge, courts generally refuse to review those sentences on the basis that the trial court did not consider the factors enumerated by R.C. 2929.14(E)(4). State v. Sykes (Apr. 18, 2002), Franklin App. No. 01AP-915.
 {¶ 15} A sentence is authorized by law if the prison term imposed does not exceed the maximum term prescribed by statute. Id. Appellant entered guilty pleas to four counts of forgery and one count of theft, all felonies of the fifth degree. A court may impose a prison term of six, seven, eight, nine, ten, eleven or twelve months for a fifth-degree felony. R.C. 2929.14(A)(2). In this case, the trial court sentenced appellant to a seven-month prison term for each fifth-degree felony. Because each of those sentences are within the statutory terms for the offenses to which appellant pled guilty, they are authorized by law.
 {¶ 16} As appellant's sentences were jointly recommended, authorized by law and imposed by the trial court, they are not subject to review by this court. Accordingly, appellant's second assignment of error is overruled.
 {¶ 17} In conclusion, having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and BOWMAN, J., concur.
SUMMARY-guilty plea, knowing, voluntary, intelligent, consecutive sentences, joint recommendation, R.C. 2950.08(D).