OPINION
{¶ 1} Defendant-appellant, Richard Orleans (Orleans), appeals his conviction for domestic violence in the Mahoning County Common Pleas Court, following his guilty plea. Orleans alleges ineffective assistance of trial counsel on two grounds: (1) that counsel advised him to plead guilty without any corresponding benefit in exchange and (2) that counsel failed to fully disclose the plea agreement on the record in open court as required by Crim. R. 11(F).
 {¶ 2} On November 30, 2006, a Mahoning County grand jury indicted Orleans for domestic violence in violation of R.C. 2919.25(A)(D), a third-degree felony. Orleans appeared for arraignment with his retained counsel and pleaded not guilty. The case proceeded to discovery and related pretrial matters.
 {¶ 3} Pursuant to a Crim. R. 11 agreement reached with the state, Orleans pleaded guilty as charged. The sentence recommendation, signed by Orleans, reflects that both the state and trial counsel recommended to the court that Orleans receive a five-year prison sentence and a $10,000 fine. In its June 13, 2007 judgment entry, the trial court indicated that it had accepted Orleans's guilty plea, ordered a pre-sentence investigation report, and dismissed the no contact order imposed upon Orleans and the victim. (Plea Tr. at 10.)
 {¶ 4} On August 28, 2007, the trial court proceeded with Orleans's sentencing hearing and permitted the victim to make a statement prior to imposing sentence. (Sentence Tr. 2.) The victim explained to the trial court her problem with schizophrenia, and revealed that she had been "drinking all day, and taking oxycontin" on the day of the incident. (Sentence Tr. 3.) The victim also stated that she had kicked Orleans and that she was "glad he didn't press anything on me," and that he "really doesn't deserve to go to jail." (Sentence Tr. 3.)
 {¶ 5} The sentencing record further reflects that trial counsel said he provided the court with a sentencing memorandum that addressed the mitigating factors present in this case. (Sentence Tr. 3.) Contrary to the sentence recommendation, trial counsel proceeded to enumerate the reasons why the court should consider a *Page 2 
community control sentence. (Sentence Tr. 4-5.) Orleans addressed the court, explaining that he was trying to make good decisions. (Sentence Tr. 5.)
 {¶ 6} The trial court stated that it considered the victim's statement, the sentencing memorandum, and the pre-sentence investigation report before it sentenced Orleans to four years of incarceration, "of which zero is mandatory." (Sentence Tr. 6-7.)
 {¶ 7} On August 30, 2007, trial counsel filed a motion to withdraw on the grounds that "irreconcilable differences have arisen between the attorney and [Orleans] wherein [he] believes the attorney gave him bad advice." Accordingly, the trial court granted the motion and appointed Orleans's present counsel to assist him in his appeal. This appeal followed.
 {¶ 8} Orleans raises one assignment of error, which states:
 {¶ 9} "DEFENDANT-APPELLANT RICHARD ORLEANS WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, WHEN TRIAL COUNSEL ADVISED MR. ORLEANS TO PLEAD GUILTY AS CHARGED ON THE DAY OF TRIAL WITH ABSOLUTELY NO BENEFIT IN EXCHANGE FOR HIS PLEA AND FAILED TO FULLY DISCLOSE THE CRIM.R. 11 PLEA AGREEMENT ON THE RECORD IN OPEN COURT AS REQUIRED BY CRIM.R. 11 (F)."
 {¶ 10} In order to prove ineffective assistance of counsel, an appellant must satisfy a two-prong test. First, an appellant must establish that counsel's performance was deficient, and second, the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 11} Counsel's effectiveness is "not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by counsel." State v. Wilkins (1980), 64 Ohio St.2d 382, 390, 18 O.O.3d 528, 415 N.E.2d 303. The *Page 3 
reasonableness of the attorney's decisions must be assessed at the time the decisions are made, and not at the time of a court's assessment. Id.
 {¶ 12} Additionally, the Eleventh District has explained:
 {¶ 13} "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." State v. Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332. (Internal Citations Omitted). See, also,State v. Mays, 174 Ohio App.3d 681, 685, 2008-Ohio-128, at ¶ 9 (Eighth Appellate District adopting Eleventh Appellate District's rationale).
 {¶ 14} The Madeline court explained that a guilty plea represents a break in the chain of events that preceded it in the criminal process. Consequently, a defendant who admits his guilt waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceedings unless it affected the knowing and voluntary nature of the plea. This court adopted this standard inState v. Doak, 7th Dist. Nos. 03CO15 and 03CO31, 2004-Ohio-1548, at ¶ 55. See, also, State v. Fatula, 7th Dist. No. 07BE24, 2008-Ohio-1544, at ¶¶ 9, 12.
 {¶ 15} Pursuant to Crim. R. 11, the trial court entered a written journal entry approving Orleans's guilty plea, which indicated that the court advised appellant of the effect of his plea, and found that the plea was entered "freely and voluntarily made with full knowledge of the consequences thereof." (Plea Tr. 8.) The plea hearing record further supports that a colloquy between the court and appellant took place in accordance with Crim. R. 11. (Plea Tr. 3-8.)
 {¶ 16} The record clearly indicates that Orleans agreed to the parameters of the plea agreement, and that he fully understood the maximum penalties that the court could impose. (Plea Tr. 4-7.) Orleans also was apprised of the possibility of a sentence including community control, but still chose to plead guilty rather than *Page 4 
proceed to trial. (Plea Tr. 6.) Further, there is no indication that Orleans ever desired to withdraw his guilty plea, or that he ever attempted to withdraw his guilty plea. Thus, there is no evidence in the record that supports a finding that Orleans would not have entered into the plea agreement, and that counsel's actions prohibited him from entering the guilty plea knowingly and voluntarily.
 {¶ 17} Additionally, the record fails to reflect prejudicial conduct where trial counsel argued for community control sanctions and presented mitigating factors to the court. (Sentencing Tr. 3-5.) Further, Orleans himself expressed to trial counsel that he wished to "put the case behind him." (Sentencing Tr. 4.)
 {¶ 18} Assuming arguendo that Orleans had not waived his ineffective assistance of counsel claim by pleading guilty, we turn now to a review of those three specific arguments in support of trial counsel's alleged ineffectiveness: 1) failure to timely file motions in limine and collect discovery material; 2) failure to secure a benefit from his plea bargain; and 3) failure to ensure that the plea agreement was fully disclosed on the record in open court pursuant to Crim. R. 11(F).
 {¶ 19} Orleans first argues that trial counsel rendered ineffective assistance of counsel when he filed three "scant" motions in limine on the day of trial, and when counsel failed to obtain discovery materials until one month after the prosecutor's office made these materials available. However, trial counsel's decisions regarding the filing of motions in limine on the day of trial and gathering discovery information falls within the purview of trial strategy. SeeClayton. Additionally, the motions in limine were never ruled upon by the trial court. As such, Orleans failed to substantiate how these acts constituted deficiency on the part of trial counsel, and that the alleged deficient performance prejudiced him.
 {¶ 20} Next, Orleans asserts that trial counsel failed to provide effective assistance of counsel because he negotiated a Crim. R. 11 plea agreement on the day of trial. However, Crim. R. 11 does not specify that a plea agreement must be negotiated in advance of a scheduled trial date. Crim. R. 11. *Page 5 
 {¶ 21} Orleans also argues trial counsel failed to secure a benefit from the state in exchange for his guilty plea. Orleans argues that in exchange for his plea, "the State of Ohio recommended the maximum term of incarceration and maximum fine allowed by law." Orleans suggests that he would have derived a benefit if the level of felony was reduced, or even if the state had agreed to stand silent at sentencing. Orleans additionally asserts that "viable defenses" to the domestic violence charge existed due to statements made by the victim at the sentencing hearing, thus trial counsel should not have entered into a plea agreement without a benefit to him. (Sentencing Tr. 2-3.)
 {¶ 22} "An attorney, who advises his client to plead guilty as charged when the client receives no benefit at all in exchange therefore, could possibly be deemed to have failed in his duty to competently represent his client." State v. Underwood (May 7, 1999), 4th Dist. No. 98CA11. However, the Underwood court also noted that "the benefit a defendant receives as a result of pleading guilty is not necessarily reflected by the penalty ultimately imposed on him." Id., citing State v.Spivey, 81 Ohio St.3d 405, 1998-Ohio-437, 692 N.E.2d 151. TheUnderwood court chose to "consider the totality of the circumstances surrounding the plea in determining whether the appellant received any benefit in exchange for the plea." Id.
 {¶ 23} In Spivey, the appellant claimed that he had received ineffective assistance of counsel, in part, because he did not receive a benefit from his plea. Spivey at 418. On the issue of whether the plea agreement was "one-sided," the Spivey court held that the appellant's assertion was not supported by the record where "[d]efense counsel also knew that if the case had proceeded to trial on the issue of guilt or innocence, the finder of fact would have heard a detailed account of all the facts and circumstances surrounding the crimes * * *." Id. at 419. The Ohio Supreme Court further stated that "[t]he decision not to contest the charges was a tactical decision that, in our judgment, was both reasonable and practical in light of the evidence of appellant's guilt." Id. Thus, the Spivey case illustrates that courts may *Page 6 
recognize benefits other than those argued for generally in this matter by appellant, such as the appellant's ability to avoid trial.
 {¶ 24} In this case, trial counsel's advice to plead guilty was a tactical decision for the following reasons. Orleans was previously convicted of three separate domestic violence charges in Mahoning County, and he was facing seven witnesses subpoenaed to testify against him (although the record reveals that the victim did not want to testify at trial). (Sentencing Tr. 4-5.) Presumably, based on these factors, in part, trial counsel advised Orleans of "the ramifications if the case did go forward." (Sentencing Tr. 4.) Further, trial counsel also presented to the court various mitigating factors such as Orleans's enrollment in Kent State, his employment at Kraftmaid, and his attendance at two different anger management classes prior to his request for community control. (Sentencing Tr. 4.) Thus, Orleans's various arguments in support of his ineffective assistance claim have not successfully rebutted the presumption of competence afforded to trial counsel. Similarly, these arguments fail to prove either prong of the Strickland test.
 {¶ 25} Considering the "totality of the circumstances," Orleans received several benefits including avoiding a potentially lengthy and costly jury trial in which several witnesses could have testified against him, and the likelihood that the details of his crime would be preserved on the court's record. Additionally, in spite of the joint recommendation of the maximum sentence and fine, that being five years incarceration and a $10,000 fine, the trial court sentenced Orleans to only four years in prison. (Sentencing Tr. 7). The trial court also emphasized to Orleans that he would be eligible for judicial release within six months as long as his prison record remained free of infractions. (Sentencing Tr. 7.)
 {¶ 26} Turning to Orleans's Crim. R. 11(F) argument, Crim. R. 11(F) sets forth the following rule:
 {¶ 27} "When in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the *Page 7 
underlying agreement upon which the plea is based shall be stated on the record in open court." Id.
 {¶ 28} In Spivey, the Ohio Supreme Court found that a defendant was not prejudiced by a "technical violation" of Crim. R. 11(F), where the plea agreement was disclosed on the record in chambers. Id. at 418. The Court further explained, there is no prejudice where "[a]ll parties and the court were aware of the agreement, and the agreement was adhered to by the parties." Id.
 {¶ 29} "[A]ll of the terms of a negotiated plea agreement need not be presented in open court on the record." State v. Straight (Dec. 7, 1998), 7th Dist. No. 96-CO-87. In support of this statement, this court referred to the Tenth Appellate District, which stated:
 {¶ 30} "`* * * Crim. R. 11(F) does not provide for negotiation with respect to the punishment to be imposed but, instead, refers only to negotiated pleas `of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses.' In other words, [Crim. R. 11(F)] does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court.'" Id., quoting, State v. Mathews (1982), 8 Ohio App.3d 145, 146, 8 OBR 202,456 N.E.2d 539.
 {¶ 31} Further, in State v. Mulhollen (1998), 119 Ohio App.3d 560,695 N.E.2d 1174, the Eleventh District found that "Crim. R. 11(F) applies only to promises concerning what charges will be dismissed and what charges the guilty plea will cover." Id. at 566. In Mulhollen, the prosecutor stated on the record that appellant had agreed to enter a plea of guilty to a felonious assault count if a child endangerment count were dismissed. The court found that this statement of the plea bargain sufficiently satisfied Crim. R. 11(F).
 {¶ 32} In this case, the record supports that all involved parties and the court were aware of the agreement, and all parties adhered to the agreement, pursuant to Spivey. At the commencement of the plea hearing, the state presented the court with the Crim. R. 11 plea agreement, which was signed by the state, trial counsel, and *Page 8 
Orleans. (Plea Tr. 2.) The state explained to the court that Orleans agreed to plead as charged to one count of domestic violence. (Plea Tr. 2.) See Mulhollen. Trial counsel responded that the state's explanation was "a complete and correct rendition of the rule 11 agreement that has been reached in this matter." (Plea Tr. 2.) During the sentencing hearing, the state recommended that Orleans receive a five-year prison term pursuant to the sentence recommendation that was fully executed by the state, trial counsel, and Orleans. (Sentencing Tr. 2.) Thus, Orleans has failed to establish he suffered prejudice pursuant to theStrickland test, and he has failed to prove that the plea agreement was not stated in open court where all parties proceeded according to the plea agreement, as discussed above.
 {¶ 33} In short, the record supports that trial counsel rendered effective assistance of counsel where he made tactical decisions ensuring that Orleans benefited from the plea agreement by avoiding trial. Additionally, trial counsel complied with the rule set forth in Crim. R. 11(F) by making certain that the plea agreement was entered on the record in open court. Since Orleans has failed to prove either prong of the Strickland test for the reasons set forth above, his claim of ineffective assistance of counsel fails.
 {¶ 34} Accordingly, Orleans's sole assignment of error is without merit.
 {¶ 35} The judgment of the trial court is hereby affirmed.
 Vukovich, J., and DeGenaro, P.J., concurs. *Page 1